Link 1246

FILED
CLERK, U.S. DISTRICT COURT

SEP - 3 2004

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>AIR CRASH AT TAIPEI, TAIWAN ON OCTOBER 31, 2000 | Case No. MDL 01-1394 GAF (RCx)<br><br>This Document Relates to:<br>**CV 01-1936 GHK (RCx)**;<br>**CV 03-0101 GAF (RCx)**<br>(Christina Reed v. Singapore Airlines, Ltd.)<br>**CV 01-9183 GAF (RCx)**<br>(Massoud Dabir v. Singapore Airlines, Ltd.)<br>**CV 02-2266 GAF (RCx)**<br>(Douglas Villermin v. Singapore Airlines, Ltd.)<br>**CV 02-5289 GAF (RCx)**<br>(Deborah Brosnan v. Singapore Airlines, Ltd.)<br><br>**MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION FOR A DETERMINATION OF APPLICABLE LAW RE RECOVERY OF PSYCHOLOGICAL AND MENTAL INJURIES** |



DOCKETED ON CM

SEP - 3 2004

BY

## I.

## INTRODUCTION

On October 31, 2000, Singapore Airlines ("SIA") Flight SQ006 was scheduled to fly from Singapore to Los Angeles through Taipei, Taiwan. Disaster struck at the Taipei airport when Flight SQ006 attempted to take off from a runway that was under construction. Before the aircraft could become airborne it collided with construction equipment, resulting in the death of many passengers and injury to many others. The heirs of the deceased, and the injured survivors, have filed numerous lawsuits that have been consolidated in the present MDL proceeding.

The above-captioned cases are all governed by the terms of the Warsaw Convention. Pending before the Court is SIA's motion to determine the applicable law governing recovery of damages for Plaintiffs' mental and psychological injuries. The Court finds that the question of whether SIA is liable for Plaintiffs' psychological injuries is governed solely by Article 17 of the Warsaw Convention. Specifically, the Court concludes as follows:

(1) Plaintiffs may not recover in cases where the only injury suffered was psychological injury.

(2) Plaintiffs may not recover for psychological injuries that accompany, but are not caused by a bodily injury.

(3) Plaintiffs may recover for mental and psychological injuries caused by physical injuries suffered in an air crash case.

(4) Plaintiffs may not recover for physical manifestations of psychological injuries unless the underlying psychological injury was caused by a bodily injury.

(5) A diagnosis of PTSD, without more, does not satisfy the "bodily injury" requirement of Article 17. Plaintiffs may recover for PTSD that results from a bodily injury, including an actual physical injury to the brain. However, Plaintiffs may not recover for PTSD that results from

1 the stress of the accident, even if the PTSD, in turn, results in physical
2 changes to the brain or other physical manifestations.

## II.

## ANALYSIS

### A. "PURE" PSYCHOLOGICAL INJURY IS NOT COMPENSABLE

Plaintiffs do not dispute that these actions are exclusively governed by the terms of the Warsaw Convention. See El Al Israel Airlines v. Tsui Yuan Tseng, 525 U.S. 155, 176 (1999) (holding that "the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention"). Specifically, this case is covered by Article 17, which "sets forth conditions under which an international air carrier can be held liable for injuries to passengers." Floyd v. Eastern Air Lines, 499 U.S. 530, 532-33 (1991). In Floyd, the Supreme Court held that "an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury." Id. at 588. The dispute in this case is over a question that the Floyd Court explicitly left open, namely, "whether passengers can recover for mental injuries that are *accompanied by* physical injuries." Id. (Emphasis added.)

### B. PSYCHOLOGICAL INJURY IS COMPENSABLE IF IT IS CAUSED BY A BODILY INJURY

While post-Floyd courts uniformly agree that Article 17 of the Warsaw Convention does not completely prohibit recovery for psychological injuries, courts have differed as to the circumstances under which such injuries are recoverable. However, the vast majority of courts have held that psychological injury is only recoverable "to the extent the distress is caused by the physical injuries sustained." Lloyd v. Am. Airlines, Inc. (In re Air Crash at Little Rock Ark.), 291 F.3d 503, 509 (8th Cir.), cert. denied, 123 S. Ct. 435 (2002) (attributing this "mainstream view" to the holding in Jack v. Trans World Airlines, Inc., 854 F. Supp. 654, 668 (N.D. Cal. 1994)). In the face of this precedent, Plaintiffs ask the Court to follow the lone contrary ruling

set forth in In re Aircrash Disaster near Roselawn, Ind., 954 F. Supp. 175, 179 (N.D. Ill. 1997), that bodily injury is merely a threshold requirement that, once established, allows the plaintiff to recover for all mental injuries whether or not those mental injuries were caused by some physical injury incurred in the accident. However, Plaintiffs completely ignore Ehrlich v. Am. Airlines, Inc., 360 F.3d 366 (2d Cir. 2004), the most recent opinion on this issue.

The Court finds that the analysis in Ehrlich is both thorough and well-reasoned. The opinion addresses each and every argument set forth in Plaintiffs' opposition, a fact which makes Plaintiffs' failure to acknowledge or otherwise attempt to distinguish Ehrlich all the more puzzling. After a thorough review of the parties' papers, the Court holds that, for the reasons articulated by the Second Circuit in Ehrlich, Plaintiffs may only recover for psychological injuries that are caused by a bodily injury.

The Court will specifically address Plaintiffs' two primary arguments. First, as was the case in Ehrlich, the Montreal Convention does not govern this case because the accident occurred nearly three years before the Convention was ratified. See Ehrlich, 360 F.3d at 372-73 (holding that the Montreal Convention, which did not enter into force in the United States until November 4, 2003, did not govern the plaintiff's appeal because the accident in question pre-dated that treaty's ratification). Thus, even though Plaintiffs rely heavily upon the alleged views of various delegates to the Montreal Convention, the Court agrees with the Second Circuit that these views are not dispositive and are only persuasive to the extent that they relate to the proper interpretation of Article 17 of the Warsaw Convention, rather than the scope of Article 17(1) of the Montreal Convention. Id. at 373.

Second, Plaintiffs take the position that Zicherman v. Korean Air Lines Co., Ltd., 516 U.S. 217 (1996), undermines the Supreme Court's prior analysis in Floyd and that the cases relied upon by SIA are flawed because they fail to consider the impact of Zicherman. (Opp. at 3-4, 9). Plaintiffs argue that this Court should look to

4

...
...
...
...

local law to determine whether Plaintiffs may recover for their psychological injuries because under Zicherman "the Warsaw Convention is but a 'pass-through' and the Court seized of the case should apply the law that ordinarily would be applied in the absence of the treaty." (Opp. at 4).

Although Plaintiffs are correct that the Warsaw Convention supplies no *measure* of damages, the Warsaw Convention is the exclusive source for determining what constitutes a "legally cognizable *harm*." Zicherman v. Korean Air Lines Co., 516 U.S. 217, 231 (1996). In a subsequent decision, the Supreme Court clarified that "Zicherman determined that Warsaw drafters intended to resolve *whether there is liability*, but to leave to domestic law (the local law identified by the forum under its choice-of-law rules or approaches) determination of the compensatory damages available to the suitor." Tseng, 525 U.S. at 170 (emphasis in original).

In Floyd, the Court held that purely psychological injuries are not a legally cognizable harm or, in other words, carriers are not liable for such harm. The Floyd Court left open the question of whether mental injury accompanying physical injury is legally cognizable. Courts considering this issue after Floyd are similarly faced with a question of *liability*, not with the proper measure of damages. Therefore, the pass-through rule in Zicherman is not applicable. Cf. January 10, 2003 Order at 7 (citing Tseng and denying SIA's motion that this Court apply California's proportionate liability rule (Proposition 51) to claims brought by California domiciliaries because "Proposition 51 addresses liability and not damages").

As with Plaintiffs' other arguments, the Ehrlich court addressed this same Zicherman-based argument, which it characterized as a "last ditch effort to circumvent the limitations on liability enumerated in Article 17." Ehrlich, 360 F.3d at 400. The Court agrees with Ehrlich that Article 17 sets forth the conditions for carrier liability and one of those conditions is that the carrier is only liable for "damage *sustained in the event of* . . . bodily injury." Id. (emphasis in original). Because "mental injuries that are not caused by bodily injuries are not 'damages sustained in the event of . . .

bodily injury,'" the carrier cannot be liable for such injuries regardless of whether such damages are available under local law. Id. at 400-01.

Accordingly, Plaintiffs in the above-captioned actions will bear the burden of establishing that their mental or psychological injuries resulted from some bodily injury incurred in the accident.

### C. PHYSICAL MANIFESTATIONS OF PSYCHOLOGICAL INJURY ARE NOT COMPENSABLE

As discussed above, psychological injuries are only recoverable to the extent that they resulted from a bodily injury. It should be clear from this holding that subsequent physical manifestations of a purely psychological injury are not recoverable. To the extent there is any doubt, the Court explicitly follows the Ninth Circuit's holding in Carey v. United Airlines, 255 F.3d 1044 (9th Cir. 2001) that "physical manifestations of emotional and mental distress do not satisfy the 'bodily injury' requirement in Article 17." Id. at 1052.

Accordingly, to recover for physical manifestations of a psychological injury, Plaintiffs must first establish that the underlying psychological injury was caused by a bodily injury.

### D. A DIAGNOSIS OF PTSD IS NOT A BODILY INJURY UNDER ARTICLE 17

Finally, Plaintiffs argue that PTSD is a compensable bodily injury in its own right and that, as such, it satisfies Article 17's bodily injury requirement. Defendants take the contrary view and argue that, as a matter of law, PTSD can never be deemed a bodily injury.[1]

The Court finds that the Eighth Circuit's holding in Lloyd v. Am. Airlines, Inc. (In re Air Crash at Little Rock Ark.), 291 F.3d 503 (8th Cir.), cert. denied, 123 S. Ct. 435 (2002), correctly sets forth the resolution of this issue. Specifically, the Lloyd court held that:

---

[1] Defendants do not and could not argue that PTSD can never be compensable because, under the rule in Ehrlich, Plaintiffs can recover for PTSD *if* they can show a causal connection between a qualifying bodily injury and the PTSD.

6

> [E]motional damages are recoverable under the Convention to the extent that they are caused by physical injuries suffered in the accident. On the other hand, physical manifestation of mental injuries such as weight loss, sleeplessness, *or physical changes in the brain resulting from chronic PTSD* are not compensable under the treaty.

Id. at 512 (emphasis added).

Plaintiffs rely upon Weaver v. Delta Airlines, 56 F. Supp. 2d 1190 (D. Mont. 1999), vacated, 211 F. Supp. 2d 1252 (D. Mont. April 25, 2002), which they interpret as holding that PTSD is a bodily injury. However, Weaver merely held that a passenger may bring a claim "based on a definite diagnosis of a disorder that *arises from* a physical injury that is medically verifiable." Id. at 1192 (emphasis added). This holding does not directly conflict with Ehrlich or Lloyd and the Court agrees that a definite diagnosis of PTSD that arises from a medically verifiable physical injury, including a verifiable injury to the brain, is compensable. For the purposes of this motion, the Court need not and does not determine whether the evidence presented in Weaver is sufficient to establish such a brain injury – such a determination is properly left to the trier of fact in each individual case.[2]

The Court sees no justification in Ehrlich, Carey, or the Supreme Court's holding in Floyd for treating PTSD differently from any other psychological injury. Rather, the Court finds that the holding in Lloyd is fully consistent with the holdings in both Ehrlich and Carey. Under Ehrlich, a passenger may recover for PTSD to the extent that the PTSD results from a bodily injury and the Lloyd holding merely

---

[2] As discussed previously, Plaintiffs may not recover "for solely psychic or psychosomatic injuries" to the brain. Tseng, 525 U.S. at 172. In a case decided after Weaver, the Ninth Circuit defined "psychosomatic" as "[o]f or relating to phenomena that are both physiological and psychological and as one who experiences bodily symptoms because of mental conflict." Carey, 255 F.3d at 1053 n.51 (citations and quotations omitted). In addition, the court in Carey quoted favorably from the Third Circuit's holding in Terrafranca v. Virgin Atlantic Airways Ltd., 151 F.3d 108 (3d Cir. 1998), that a passenger must "demonstrate direct, concrete, bodily injury" to recover under Article 17. Id. at 1052.

7

acknowledges that such a bodily injury could be an actual physical injury to the brain. Under Carey, a passenger may not recover for physical manifestations of a psychological injury, thus, the Court agrees with the holding in Lloyd that physical changes to the brain or other physical manifestations resulting from PTSD are not compensable.

Accordingly, the combined holdings in Ehrlich and Carey dictate that Plaintiffs may recover for PTSD that is caused by an actual brain injury (or any other bodily injury), but Plaintiffs may not recover where the only injury claimed is PTSD for physical injuries or changes that are caused by such PTSD. Whether a physical injury caused PTSD or whether the PTSD itself caused physical manifestations, such as changes to the brain, are questions of fact that are not properly before this Court.[3]

IT IS SO ORDERED.

DATED: September 2, 2004

Judge Gary Allen Feess
United States District Court

---

[3] Several Plaintiffs submitted evidence as to their specific injuries. Because this motion is addressed to a purely legal issue, the Court did not consider Plaintiffs' evidence or SIA's objections thereto.